**In the Matter of Rodney P. SNIADECKI, Respondent.**

No. 71S00–0512–DI–627.

Supreme Court of Indiana.

Oct. 17, 2007.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Facts:** *Count 1.* On December 20, 2002, a husband and wife engaged Respondent to file a joint bankruptcy petition. In February 2003, Respondent agreed to represent the wife in a divorce action while continuing to represent both in the bankruptcy action without receiving the husband's consent. While the bankruptcy proceeding was pending, Respondent took actions in the dissolution proceeding that were adverse to the husband, including filing an ex parte request for a temporary restraining order against the husband without stating why notice could not or should not be given to the husband or that an emergency existed. When the dissolution court asked Respondent if the bankruptcy had concluded before the filing of the dissolution, Respondent inaccurately stated, "It was prior to . . . the filing of the dissolution." The parties agree this misstatement was careless rather than deliberate

*Count II.* Respondent hired an attorney who had been suspended from the practice of law to work in Respondent's law office to perform administrative, secretarial and paralegal functions. This allowed the suspended attorney to violate the following duty: "Upon the effective date of the order [of suspension], the respondent shall not maintain a presence or occupy an office where the practice of law is conducted." Admis. Disc. R. 23(26)(b).

*Count III.* Respondent represented a wife in a dissolution matter that was filed in May 2001 and concluded in May 2002. During this time, Respondent and the client engaged in a sexual relationship. After a grievance was filed against him, Respondent first told the Commission that the relationship began only after the divorce was complete. He later admitted the relationship began before the divorce was complete but stated it began only after all issues had been negotiated. These statements to the Commission were knowingly false. Respondent made these misstatements in part to shield his client from scrutiny for her actions, but he understands this is no excuse for making false statements to the Commission.

**Violations:** The parties agree that Respondent violated the following Indiana Professional Conduct Rules, which prohibit:

1.7(a): Representing a client when the representation involves a concurrent conflict of interest.

3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal.

3.5(b): Communicating *ex parte* with a judge during a proceeding unless authorized to do so by law or court order.

8.1(a): Knowingly making a false statement of material fact to the Disciplinary Commission in connection with a disciplinary matter.

8.4(d): Engaging in conduct prejudicial to the administration of justice.

**Discipline:** The parties agree the appropriate sanction is suspension from the practice of law for six months with automatic reinstatement. The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law for a period of six (6) months, beginning **November 26, 2007.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

With the acceptance of this agreement, the hearing officer appointed in this case is discharged.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justices concur.